PROB 12C  
(6/16)

Report Date: November 27, 2024

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 27, 2024

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Toby Lee Olson, Jr.          Case Number: 0980 2:08CR00137-MKD-25

Address of Offender: ███████████████████ Spokane Valley, Washington 99212

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge  
Name of Supervising Judicial Officer: The Honorable Mary K. Dimke, U.S. District Judge

Date of Original Sentence: March 16, 2010

| | |
|---|---|
| Original Offense: | Conspiracy to Possess with Intent to Distribute, 21 U.S.C. §§ 841 and 846 |
| Original Sentence: | Prison - 180 months<br>TSR - 120 months |
| Asst. U.S. Attorney: | Richard R. Barker |
| Defense Attorney: | Joel Anand Baumann |

Type of Supervision: Supervised Release

Date Supervision Commenced: October 18, 2022

Date Supervision Expires: October 17, 2032

### PETITIONING THE COURT

To incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 10/18/2024 and 11/05/2024.

On October 19, 2022, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Toby Lee Olson, Jr., as outlined in the judgment and sentence. He signed the judgment acknowledging an understanding of the requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | **Standard Condition #6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.<br><br>**Supporting Evidence**: On or about June 4, 2024, Toby Olson allegedly violated standard condition number 6 by failing to report a change in his employment after being terminated.<br><br>On November 7, 2024, while discussing Mr. Olson's case with the probation officer assigned to the Sobriety Treatment and Education Program (STEP), the undersigned was notified the offender's treatment provider reported him as being unemployed. Because this was contradictory to the information received from Mr. Olson, he was immediately contacted.<br><br>During our conversation on that same date, the supervisee claimed he was "scared to tell (this officer)" because he was embarrassed. Mr. Olson further stated he was planning to find alternative employment before informing the assigned probation officer that he had been terminated, but finding another job was proving to be harder than he had expected. |

Prob12C
Re: Olson, Jr., Toby Lee
November 27, 2024
Page 2

Later that day, on November 7, 2024, the undersigned was able to speak with the vice president of Human Resources from Goodwill. This officer was informed Mr. Olson had been granted a leave of absence in April 2024 because the employer started to notice a decline in the offender, and they were concerned about his ability to pass a drug screening test.

Just weeks after his return from leave, on May 30, 2024, he was suspended for violating the company's policy of "selling from the back room." An investigation was subsequently conducted, and on June 4, 2024, Mr. Olson was terminated from his position as an assistant manager.

4     **Special Condition #19**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On or about November 8, 2024, Toby Olson allegedly violated special condition number 19 by consuming methamphetamine.

On November 12, 2024, the individual under supervision appeared in Court before Magistrate Judge James A. Goeke for an initial appearance. Although the government had filed a motion for Mrs. Olson's detention, it was later withdrawn orally during the hearing as the assigned probation officer was not recommending the offender be detained.

Immediately after that hearing, Mr. Olson was instructed to report to the U.S. Probation Office. Upon reporting to the probation office as instructed, the supervisee was notified that he would be subject to random urinalysis testing. He then requested to speak with this officer before being subject to testing.

On November 12, 2024, shortly after appearing in Court, the offender admitted to the use of methamphetamine on or about November 8, 2024, and he signed an admission of use confirming that admission. Mr. Olson was then subject to the random urinalysis test and provided a urine sample that was presumptive positive for methamphetamine. Because he had admitted to use, the sample was not sent to the lab for additional testing.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   November 27, 2024

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

**Prob12C**
**Re: Olson, Jr., Toby Lee**
**November 27, 2024**
**Page 3**

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[X]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[X]   Defendant to appear before the Judge assigned to the case.
[ ]   Defendant to appear before the Magistrate Judge.
[ ]   Other

_M. K. Dimke_

Signature of Judicial Officer

11/27/2024

Date